UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:16-cv-80609-ZLOCH/HUNT

LAYNE HEAVY CIVIL, INC.
f/k/a REYNOLDS, INC.

    Plaintiff,

v.

CARTER & VERPLANCK, INC.

    Defendant.

_____

## LHC'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR FEES

Plaintiff Layne Heavy Civil, Inc. ("LHC") respectfully submits this response in opposition to the Motion For Attorneys' Fees (the "Motion") (ECF No. 22) filed by Defendant Carter & Verplanck, Inc. ("Carter Verplanck") and states:

## INTRODUCTION

Carter Verplanck is not a "prevailing party" under either the Prime Contract or Florida Statute § 57.105 as this action was dismissed without prejudice by application of the doctrine of *forum non conveniens* due to the presence of a disputed forum selection clause requiring suit to proceed in Palm Beach County Circuit Court. There was no decision on the merits or a consent decree to materially alter the legal relationship between the parties. LHC has also not been precluded in any way from reasserting its action in circuit court and proceeding accordingly on the merits of those claims.

As described below, courts have often considered the question of whether a dismissal without prejudice, and in particular a dismissal based on *forum non conveniens*, is sufficient to convey "prevailing party" status. These courts have uniformly held that it does not alter the legal relationship between the parties. LHC ultimately intends to litigate the merits of its lawsuit, just before a different Florida court.

## BACKGROUND

LHC and Carter Verplanck expressly negotiated and agreed to a dispute resolution protocol contained in Paragraph 14 of the LHC-Carter Verplanck Purchase Order governing "all claims, disputes and other matters in question . . . arising out of or relating to this order or the breach hereof. . .." On October 31, 2018, this court granted Carter Verplanck's Motion to Dismiss Pursuant to *Forum Non Conveniens* and entered a Final Order of Dismissal (ECF No. 21) (the "Order"). The Court's Order noted that while LHC was correct that Paragraph 14 of the Purchase Orders pertained to its own dispute-resolution provision, "nothing in the paragraph directly contradicts the forum selection clause in the Prime Contract," which calls for litigation in Palm Beach County Circuit Court. *See* Order at 9. Accordingly, the Court determined the forum selection clause contained in the Prime Contract is enforceable and incorporated into the Purchase Orders.[1] Carter Verplanck now seeks to recover its attorney's fees and costs incurred in

---

[1] While LHC respectfully disagrees with the Court's conclusions contained within the Order, revisiting this analysis is not necessary here. Carter Verplanck assumes, without providing argument of any sort as to why, that because the forum-selection clause contained within the Prime Contract applies the attorney's fee provision must as well. But this flatly contradicts well-established law. S*ee, e.g. International Fidelity Ins. Co. v. Americaribe-Moriarity JV*, 906 F.3d 1329, 1335 (11th Cir. 2017) (a "contractual attorney's fee provision must be strictly construed . . . the court will not struggle by construction of the language employed to infer an intent for fees that has not been clearly expressed") (internal citations omitted). Carter Verplanck was not a party to the negotiations resulting in the insertion of a fee provision in the Prime Contract and there are no references to Carter Verplanck, vendors, subcontractors, or the Purchase Order contained within. Indeed, permitting Carter Verplanck to substitute itself in as a beneficiary of the attorney's fee provision would effectively add a significant material term to the contractual

-2-

connection with the *forum non conveniens* dismissal pursuant to the terms of the Prime Contract and Rule 54 of the Federal Rules of Civil Procedures, seeking to have the Court first determine entitlement to costs and fees. There is simply no legal basis for such an award here.

## LEGAL ARGUMENT

### I. At this Stage, Carter Verplanck Has Not Prevailed in the Litigation and Is Not Entitled to Its Costs and Attorney's Fees.

LHC initiated suit as it seeks to establish Carter Verplanck's liability under the parties' Purchase Orders and an ultimate judicial determination that Carter Verplanck is responsible for all current and future penalties assessed and damages incurred by LHC as a result of the Project's delayed completion. LHC has incurred damages caused by Carter Verplanck, including continuing delays and increasing damages since this action was first filed in April 2016.

In *Mortz v. Hoyt Enterprises, Inc.*, the Supreme Court of Florida agreed with the United States Supreme Court's decision in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), that "the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees." *Mortz v. Hoyt Enterprises, Inc.*, 604 So. 2d 807, 810 (Fla. 1992) ("[T]he fairest test to determine who is the prevailing party is to allow the trial judge to determine from the record which party has in fact prevailed on significant issues tried before the court.").

Thus, the standard applicable to federal and Florida law looks for "(1) a situation where a party has been awarded by the court at least some relief on the merits of his claim, or (2) a judicial imprimatur on the change in the legal relationship between the parties." *Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003) (quoting

---

relationship between LCH and Carter Verplanck—one that was neither contemplated, intended, nor negotiated for.

*Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Servs.*, 532 U.S. 598, 604-05 (2001)).

Support for this conclusion is plentiful in both federal and Florida caselaw. "[T]he Supreme Court has held that, for a party to be 'prevailing,' there must be a 'judicially sanctioned change in the legal relationship of the parties.'" *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 101 (2d Cir. 2006) (quoting *Buckhannon*, 532 U.S. at 605 and specifically considering a dismissal based on *forum non conveniens*). Dismissals for lack of subject-matter jurisdiction, or dismissals without prejudice in general, typically do not meet that test. *See id.* at 103 (citing *Citizens for a Better Environment v. Steel Co.*, 230 F.3d 923, 929-30 (7th Cir. 2000); *Szabo Food Serv. Inc. v. Canteen Corp.*, 823 F.2d 1073, 1076-77 (7th Cir. 1987) (holding that defendant was not "prevailing party" where complaint was dismissed without prejudice because "dismissal without prejudice ... does not decide the case on the merits.... The defendant remains at risk.")); *see also Keene Corp. v. Cass*, 908 F.2d 293, 298 (8th Cir. 1990) ("To be a prevailing party . . . a party must succeed on some claim or significant issue in the litigation which achieves some benefit the parties sought . . .. Where a complaint has been dismissed for lack of subject-matter jurisdiction, the [d]efendant has not prevailed over the plaintiff on any issue central to the merits of the litigation") (internal quotation marks and citations omitted). Florida cases routinely apply these same principles. The "prevailing party" for purposes of attorney's fees is a party that the trial court determines has prevailed on significant issues in the litigation. *See, e.g. Green Companies, Inc. v. Kendall Racquetball Investment, Ltd.*, 658 So. 2d 1119, 1121 (Fla. 3d DCA 1995) ("It is the result obtained which must govern the determination of which party prevailed.") (internal

citations omitted).

The majority view is that a dismissal without prejudice or dismissal based on *forum non conveniens* does not resolve the substantive merits. The U.S. Supreme Court has held that for a party to be a prevailing party there must be a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon Bd. and Care Home,* 532 U.S. at 605. Dismissals for lack of subject-matter jurisdiction, or dismissals without prejudice in general, typically do not meet that test. *Id*. (internal citations omitted). When there is a dismissal of a case without prejudice, Florida law does not confer prevailing party status on the successful movant. *See Shaw v. Schlusemeyer*, 683 So.2d 1187 (Fla. 5th DCA 1996) (denying motion for fees as prevailing party under Florida environmental statute because complaint was dismissed without prejudice; "The dismissal was based on procedural grounds and not a determination of any significant issue in the case. Importantly, the instant dismissal order did not bring the litigation to an end.").

The key to determining whether a party prevailed is whether there was a "material alteration of the legal relationship of the parties . . .." *Buckhannon Bd. & Care Home. Inc.,* 532 U.S. at 604. As is the case here, dismissal of a complaint without prejudice does not lead to a change in the legal relationship between the parties because "[t]he defendant remains at risk" as "the plaintiff may refile the complaint." *Szabo Food Serv., Inc. v. Canteen Corp.,* 823 F.2d 1073,1076 (7th Cir.1987); *see also Sanchez v. Swire Pac. Holdings, Inc.,* No. 09–20235–CIV, 2009 WL 2005272, at *4 (S.D. Fla. July 9, 2009) (holding that "dismissals without prejudice in general, typically do not ... [result in] a 'judicially sanctioned change in the legal relationship of the parties.'" (quoting *Dattner*, *supra*, at 101 (2d Cir.2006)).

Accordingly, dismissals without prejudice do not convey prevailing party status on a defendant.

In *Dattner,* the Second Circuit noted that a dismissal based on *forum non conveniens* does not "immunize a defendant from the risk of further litigation on the merits of a plaintiff's claim," and concluded that, "because it remains to be seen which party will, in fact, prevail on the merits, defendants have not yet achieved a judicially sanctioned change in the legal relationship of the parties so as to be considered 'prevailing' under Rule 54(d)." 458 F.3d at 103; *see also Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukraine,* 311 F.3d 488, 498 (2d Cir.2002) (noting that *forum non conveniens* "is as merits-free as a finding of no jurisdiction" (quoting *In re Minister Papandreou,* 139 F.3d 247, 255–56 (D.C.Cir. 1998), *superseded on other grounds by statute*)). This conclusion is supported by the United States Supreme Court's decision in *American Dredging Co. v. Miller,* 510 U.S. 443, 454 n. 4, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994) (noting that "*forum non conveniens* is not a substantive right of the parties, but a procedural rule of the forum"), as well as the holdings of numerous sister circuits. *See, e.g. Malaysia Int'l Shipping Corp. v. Sinochem Int'l Co*., 436 F.3d 349, 359 (3d Cir.2006) (holding that "*forum non conveniens* is a non-merits ground for dismissal"); *Ungar v. Palestine Liberation Org.,* 402 F.3d 274, 294 (1st Cir.2005) (discussing defendants' "non-merits-based defenses . . . (including insufficiency of process, *forum non conveniens*, and lack of *in personam* jurisdiction)"); *In re Minister Papandreou,* 139 F.3d at 255–56 (finding that a dismissal based upon *forum non* grounds "is as merits-free as a finding of no jurisdiction").

Similarly, in *Moring v. GE Consumer Finance*, the Southern District of Florida granted co-Defendant Academy Collection Service, Inc.'s motion to dismiss the Complaint as the court lacked personal jurisdiction over Academy. No. 07-60967, 2008 WL 11401792, at *1 (S.D. Fla. Apr. 3, 2008). The dismissal was without prejudice, and the Court conditioned it on Academy's specific agreement to submit to the jurisdiction of two other out-of-state courts, and its agreement not to raise the statute of limitations as an affirmative defense, for the period of time the matter was pending in Florida courts. *Id*. Academy subsequently moved for its costs and fees. The Report and Recommendation from the Magistrate specifically noted "[a]lthough Plaintiff did not raise the point, this Court doubts that Academy is a 'prevailing party' under Rule 54(d), given that it did not prevail on the merits, but rather succeeded in having the action dismissed, without prejudice, for lack of personal jurisdiction." *Id*. at * 1. *Compare Myricks v. Federal Reserve Bank of Atlanta*, 480 F.3d 1036, 1043 (11th Cir. 2007) (defendant was awarded summary judgment and the Court noted that "the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)") (internal citations omitted), *and Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (partial summary judgment entered in favor of defendant, and the Court reasoned "a party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims") (internal citations omitted), *with Dattner, supra,* 458 F.3d at 101 (party who successfully obtains a *forum non conveniens* dismissal not a "prevailing party" under Fed.R.Civ.P. 54(d)) *and Miles v. State of California*, 320 F.3d 986, 988 (9th Cir. 2003) (defendant who wins dismissal for lack of subject matter jurisdiction not a prevailing party within the meaning of Rule 54(d) and therefore can not

Shook, Hardy & Bacon L.L.P.
Miami Center, Suite 3200 | 201 S. Biscayne Blvd. | Miami, Florida 33131-4332 | t 305.358.5171
9041228

recover costs). Accordingly, the magistrate found that "[t]he merits of this action have not yet been decided, and Academy has made no showing, other than its own conclusory statements, that Plaintiff's claims are meritless, or that Plaintiff sought to harass [Defendant]." *Moring* at *3 (citation omitted). Affirming the magistrate's report and recommendation, the court ultimately rejected Academy's claims for attorney's fees. *Moring v. GE Consumer Fin.*, No. 07-60967-CIV, 2008 WL 11402016, at *1 (S.D. Fla. Apr. 23, 2008)

### II.   Carter Verplanck's Cited Authority Does Not Support Its Motion.

Carter Verplanck's Motion contends the Court determined the Prime Contract is fully incorporated into the LHC/Carter Verplanck Purchase Order.[2] Article 8.5 of the Prime Contract provides "[i]n the event of a dispute arising out of or relating to the Agreement, the prevailing party shall be entitled to its reasonable costs, including attorneys' fees through all levels of appeal."

In contrast to the controlling authority above, which illustrates the overwhelming authority in this Circuit and elsewhere that dismissals based on *forum non conveniens* do not generally convey prevailing party status, Carter Verplanck relies on two cases in support of its contention it can be considered a "prevailing party" on a dismissal without prejudice. Both are factually inapposite to the instant dispute, and *neither* consider a *forum non conveniens* dismissal in the presence of a forum selection clause.

*Romaguera* concerned mortgagors that successfully moved for involuntary dismissal of a foreclosure action brought against them as the creditor mortgage company failed to serve

---

[2] *See* Defendant's Motion for Attorneys' Fees and Costs (ECF No. 22), Ex. B at Art. 8.5.

-8-

the requisite exhibit and witness lists prior to trial. 238 So.3d 394, 395 (Fla. 3d DCA 2018). The court's decision to award fees was supported by Florida Statute § 57.105, which allows sanctions in the form of fees for a party raising unsupported claims or defenses. Specifically, § 57.105(7) provides:

> If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.

In stark contrast to Carter Verplanck's contention, *Romaguera* did not state and does not stand for the proposition that "the general rule is that when a plaintiff's action is dismissed, even if the dismissal is without prejudice, the defendant is the prevailing party within the meaning of statutory or contractual provisions." *See* Motion (ECF No. 22) at 5. This contention is ludicrous on its face for the reasons discussed above. Rather, the *Romaguera* court noted the rather unremarkable proposition that Florida courts consistently hold that a mortgagor is entitled to attorneys' fees as the "prevailing party" under Section 57.105(7) when a mortgage foreclosure case has been dismissed, and cite to a line of cases with that narrow holding specific to such foreclosure actions. *Id*. at 395.

Carter Verplanck's sole remaining authority, *VP Gables, LLC,* concerned a predecessor company's voluntary withdrawal of its suit against the successor entity after plaintiff alleged a violation of the parties' non-disclosure agreement. 597 F. Supp. 2d 1326, 1329 (S.D. Fla. 2009). Plaintiff's filing of its motion for dismissal of its action was voluntary and *with prejudice*. *Id*. In deciding to award fees, the court specifically noted Defendant had informed plaintiff on numerous occasions prior to its voluntary dismissal the case lacked

merit and should be withdrawn. *Id.* at 1330 ("Here, the defendant informed the plaintiff numerous times that the case had no merit and should be withdrawn.") Plaintiff argued defendant may not recover fees under the NDA because the term prevailing party was undefined in the NDA and there was no showing the plaintiff failed to file its action in good faith. *Id.* The court determined the NDA's language does not indicate a showing of bad faith was required to recover fees. *Id.*

Carter Verplanck cannot be be considered a prevailing party for purposes of Section 57.105(7) in order to qualify for attorney's fees. The Eleventh Circuit has made clear "[a] dismissal for lack of subject-matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984)); *see also Scarborough v. Carotex Constr., Inc.*, No. 09-60156-Civ, 2010 WL 11505206, at *2 (S.D. Fla. Nov. 30, 2010), *report and recommendation adopted*, No. 09-60156, 2011 WL 13174643 (S.D. Fla. Jan. 20, 2011); *Sream, Inc. v. HHM Enter. Partners, Inc.*, No. 16-62641-Civ, 2017 WL 3007534, at *3 (S.D. Fla. July 14, 2017) (denying attorney's fees in a case dismissed for lack of standing because case may be refiled).[3]

This Court's Order found dismissal pursuant to the application of the doctrine of *forum non conveniens* due to the presence of a binding and enforceable forum selection

---

[3] Even when a motion to dismiss for other procedural grounds is granted, it does not generally alter the legal relationship between parties. *See Dattner, supra,* 458 F.3d at 103(finding dismissal of a case based on *forum non conveniens* did not alter the legal relationship of the parties "because Dattner is free to pursue his claims against the defendants in France, and because it remains to be seen which party will, in fact, prevail on the merits" (citation omitted)).

clause, requiring the action to proceed against Carter Verplanck in Palm Beach County Circuit Court. *See* Order at 23. In determining the action should proceed in Circuit Court, this Court refrained from making a ruling as to whether the statute of limitations has run on any potential claim against Carter Verplanck, either asserted in the initial Complaint or otherwise as damages in this dispute have continued to accrue since the action was initially filed. *Id.* at 21. As the Court noted, there is no question state court is available for LHC to proceed and Carter Verplanck makes no objection to accepting service of process in the state court. *Id.* at 16. In doing so, the Court left the door open for LHC to refile its claims in Circuit Court and further assert its existing claims and other viable causes of action against Carter Verplanck when they become ripe. Consequently, Carter Verplanck's legal relationship with LHC did not substantially change as a result of the Court's Order; LHC may still refile and proceed accordingly, as this dispute is only in its infancy stage. The merits of the respective claims are yet to be decided.

Carter Verplanck is not considered as having prevailed under Section 57.105(7), Florida Statutes, or the Prime Contract. Nor does a strict reading of the attorney's fee provision at issue give rise to a fee entitlement here. Consequently, Carter Verplanck is not entitled to attorney's fees at this preliminary juncture.

## **CONCLUSION**

For the reasons set forth herein, Carter Verplanck's Motion should be denied.

Dated: November 27, 2018

Respectfully submitted,

By: /s/ Eric S. Boos
    Eric S. Boos
    Florida Bar No.: 0107673
    eboos@shb.com
    SHOOK, HARDY & BACON LLP
    Miami Center, Suite 3200
    201 South Biscayne Boulevard
    Miami, Florida 33131-4332
    Telephone: (305) 358-5171
    Facsimile: (305) 358-7470

*Attorney for Plaintiff Layne Heavy Civil, Inc.*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 27th day of November, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and a true and correct copy of the foregoing was served on all counsel or parties of record on the Service List below by the method indicated.

                                          /s/ Eric S. Boos
                                          Eric S. Boos

## SERVICE LIST

| | |
|---|---|
| Erik P. Raines, Esq.<br>erik.raines@hwhlaw.com<br>Rocco Cafaro, Esq.<br>rocco.cafaro@hwhlaw.com<br>**Hill, Ward & Henderson, P.A.**<br>101 East Kennedy Boulevard, Suite 3700<br>Tampa, Florida 33602<br>Telephone: (813) 221-3900<br>Facsimile: (813) 221-2900<br><br>(Service via CM/ECF)<br><br>*Attorneys for Defendant*<br>*Carter & Verplanck, Inc.* | Eric S. Boos, Esq.<br>eboos@shb.com<br>**Shook, Hardy & Bacon L.L.P.**<br>Miami Center, Suite 3200<br>201 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 358-5171<br>Facsimile: (305) 358-7470<br><br><br><br>(Service via CM/ECF)<br><br>*Attorneys for Plaintiff Layne Heavy Civil, Inc.* |